**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 03 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY PRINCE FRANKLIN, | No. 10-15411 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-01276-FCD-CHS |
| v. | |
| JAMES WALKER, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., Senior District Judge, Presiding

Argued and Submitted November 8, 2013
San Francisco, California

Before: TASHIMA, W. FLETCHER, and NGUYEN, Circuit Judges.

Timothy Prince Franklin appeals from the district court's order denying his

petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We have

jurisdiction under 28 U.S.C. §§ 1291 and 2253. "We review de novo the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

court's grant or denial of a 28 U.S.C. § 2254 petition for writ of habeas corpus." *Yee v. Duncan*, 463 F.3d 893, 897 (9th Cir. 2006) (citation omitted). We affirm.

In the last reasoned decision denying Franklin habeas relief, the reviewing California state court found the "existence of a prior conviction that has not otherwise been used in sentencing renders a defendant eligible for the upper term" under California's Determinate Sentencing Law, citing *People v. Black*, 41 Cal. 4th 799, 813, 62 Cal. Rptr. 3d 569 (2007). According to the state court, "[s]ince Petitioner was convicted in 1987 of a narcotics violation and that offense was not used in sentencing, either as a prior strike or as a sentence enhancement, Petitioner was eligible for the upper term[s]."

Regardless whether this is correct as a matter of California sentencing law, the state court's conclusion did not "result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law" or a "decision that was based on an unreasonable determination of the facts in light of the evidence presented." *See* 28 U.S.C. § 2254(d). There was no Sixth Amendment constitutional error in Franklin's sentence because he was eligible for the upper term based on his prior convictions. *See Cunningham v. California*, 549 U.S. 270, 274-75 (2007) ("[T]he Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the

2

statutory maximum based on a fact, *other than a prior conviction*, not found by a jury or admitted by the defendant." (emphasis added)); *Black*, 41 Cal. 4th at 813 ("[I]f one aggravating circumstance has been established in accordance with the constitutional requirements set forth in *Blakely* [*v. Washington*, 542 U.S. 296 (2004)], the defendant is not 'legally entitled' to the middle term sentence, and the upper term sentence is the 'statutory maximum.'"); *see also* Cal. Ct. R. 4.421(b)(2) (a sentencing court can impose an upper term sentence if the defendant's prior convictions are "numerous or of increasing seriousness").

**AFFIRMED.**